## Wheeler & Company v. Smith.

(Decided May 20, 1927.)

### Appeal from Christian Circuit Court.

1. Principal and Agent.—Where only issues were whether bankrupt, when buying merchandise from plaintiff, was acting as defendant's agent, or whether defendant had represented to plaintiff that bankrupt was his agent, and plaintiff, in reliance thereon, made sales to bankrupt, court should have instructed jury to find for plaintiff, if bankrupt, when he bought goods, was acting as defendant's agent, or if defendant represented to plaintiff that bankrupt was acting as his agent, and plaintiff, in reliance thereon, sold goods to bankrupt.

2. Principal and Agent.—In action for goods sold to bankrupt dealer, brought on theory that he was defendant's agent, recorded contract between bankrupt and defendant tending to show that defendant was only interested in certain goods in bankrupt's store to be sold on commission held admissible to show agreement between bankrupt and defendant, but court should have admonished jury not to consider agreement on question whether defendant represented to plaintiff that he owned the business, and that bankrupt was acting as his agent.

H. W. LINTON for appellant.

FRANK RIVES for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellant is a corporation engaged in the wholesale grocery business. The firm of Gilliam & Long, of which G. W. Long was a member, was engaged in the mercantile business at Gracey, Ky., and in January, 1924, this firm went into bankruptcy; the appellant being one of the principal creditors. The appellee was also a creditor of the firm.

The appellee bought the stock of goods from the bankrupt firm for $2,600.00, and made an arrangement with G. W. Long to sell these goods at retail, each to receive one-half of the profits after appellee had been repaid the purchase price. Long reopened the store formerly occupied by Gilliam & Long, and ordered a bill of goods from one of appellant's salesmen, but the salesman, being unwilling to credit Long, suggested that he and Smith see W. R. Wheeler, president and general manager of the appellant, and arrange to open an account. Long and appellee, Smith, went to Hopkinsville and met Wheeler.

Wheeler testified that Smith represented that he was the owner of the business being conducted by Long, and it was agreed that all goods purchased from appellant should be charged to G. W. Long, agent for W. R. Smith. Smith denied that such an agreement was made, but stated that he only agreed to guarantee the payment of the first bill of goods sold to Long; and that he did not inform Wheeler that he owned the business. Long continued to purchase goods from appellant, and they were charged to G. W. Long, agent. On January 21, 1926, Wheeler wrote a letter to Smith, in which he stated he had heard that Smith was no longer interested in the store, and requested Smith to let him know if he had disposed of his interest. Smith did not answer this letter, but a few days after it had been written met Wheeler on the street in Hopkinsville. Wheeler claims they discussed the matters contained in the letter, and that Smith said to him "Go ahead and sell him; I am still behind him." Smith denied making such a statement. Appellant continued to sell and deliver goods to Long until April, 1926, when Long went into bankruptcy. At the time the account amounted to $940.17, and represented purchases made since January 1, 1926.

The appellant brought this action against the appellee, W. R. Smith, to recover the sum of $940.17, alleging that G. W. Long was acting as appellee's agent when the goods were purchased, or, if Long was not the agent of Smith, that Smith represented to the appellant that Long was his agent, and that appellant, relying upon such representations, was induced to sell the goods in question to Long as Smith's agent. The appellee denied that Long was his agent or that he represented to appellant that

Long was acting for him. On a trial of the case the jury found for the defendant, and the plaintiff has appealed.

On this appeal appellant chiefly complains of the instructions. It is unnecessary, for the purposes of this opinion, to set out these instructions, but it is sufficient to say that they were extremely lengthy, and calculated to confuse the jury, and were erroneous in calling attention to, and emphasizing, certain portions of the evidence. The only issues raised by the pleading and proof were whether or not Long, when making the purchases from appellant, was acting as the agent of the appellee, or, if not, whether appellee had represented to appellant that Long was his agent, and that appellant, relying upon such representations, made the sales in question. If the evidence is substantially the same on another trial, the court, in lieu of the three instructions given on the first trial, should instruct the jury in substance that, if they believe from the evidence that G. W. Long, at the time the goods in question were bought, was acting as the agent of the defendant, or if they believe he was not acting as the agent of the defendant, yet if they believe that defendant represented to plaintiff that he owned the business in question, and that G. W. Long was acting as his agent, and the plaintiff relied upon such representations, and by reason thereof sold and delivered to G. W. Long the goods in question, believing in good faith that said Long was at the time acting as the agent of the defendant, then they will find for plaintiff, and, unless they so believe, they will find for defendant.

Appellant complains of the introduction in evidence of a written contract between G. W. Long and W. R. Smith drawn in March, 1924, but dated January 19, 1924, and which was sworn to and recorded in the county clerk's office. The contract purported to set out the understanding between Long and Smith, and tended to show that Smith was only interested in the bankrupt stock of goods purchased from Gilliam & Long and certain other goods that he had placed in Long's store to be sold on commission. This contract was admissible as evidence tending to show the arrangement between Smith and Long, but the court should have admonished the jury that they should consider it for that purpose only, i. e., whether Long was actually acting as the agent of Smith, but that they should not consider it as evidence bearing on the

question as to whether Smith had represented to appellant that he owned the business, and that Long was acting as his agent.

For the reasons indicated, the judgment is reversed, with directions to grant appellant a new trial, and for further proceedings consistent herewith.